United States District Court          Southern District of Texas

| | | |
|---|---|---|
| Coty Wise, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action G-07-66 |
| | § | |
| Diamond Offshore Drilling Inc., *et al*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Objection

Coty Wise, a seaman, says he injured his back when he was pulling slips on the drilling deck of a vessel of Diamond Offshore (Trinidad), LLC. He is suing the vessel owner for negligence and the operator, Diamond Offshore Management Company, for maintenance and cure.

On the morning of trial on May 27, 2009, Wise objected to Diamond's use of a surveillance videotape because he said it had not been authenticated.

When the court asked Wise to explain why he thought the videotape was not reliable, his counsel could not supply a substantive basis. His counsel has had a copy of the videotape for almost four months, and he never had the duplicate or original tested for alterations. More important, his client, Wise, confirmed to the court that the man in the videotape was him and attested to his doing the tasks depicted on the date of the recording after the accident.

Even after that admission, his counsel continued to object. This round, he complained that because the defense did not call the videographer to testify, the videotape is not authentic. A photographer is not the only witness who may testify that a photograph – or even a videographer of a motion picture that is essentially a collection of photographs, is accurately represented. The subject of the photograph or a witness who knows the facts of the photograph may testify to its authenticity, even if he did not take the photograph or see it taken by someone else. Because Diamond did not have to call the videographer to testify, Wise's admission satisfied the evidentiary predicate to authenticate the videotape. Fed. R. Evid. 1007;

*Huffman v. State of Texas*, 746 S.W.2d 212, 221-22 (Tex. Crim. App. 1988) (no photographer's testimony needed even under the higher standard in criminal law).

In essence, because Wise had enough time to inspect the authenticity of the videotape after Diamond had disclosed it, his objection was overruled. The surveillance videotape for exhibit thirty-one is admitted because Diamond complied with the discovery rules, having disclosed its existence promptly, and Wise's admission had authenticated it. Fed. R. Civ. P. 26 (initial disclosures).

Signed on June 17, 2009, at Houston, Texas.

Lynn N. Hughes  USDJ
United States District Judge